**In the United States District Court
For the Central District of Illinois
Springfield Division**

| | | |
|---|---|---|
| BRADEN KINDERNAY, | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. |
| AMEREN ILLINOIS, | ) | |
| Defendant. | ) | **Jury Trial Demanded** |

## Complaint

Now Comes the Plaintiff, BRADEN KINDERNAY ("Kindernay"), by and through his undersigned counsel, John A. Baker, and in support of his complaint against the Defendant, AMEREN ILLINOIS ("Ameren"), states as follows:

### I. Jurisdiction and Venue

1. In this complaint Braden Kindernay alleges that he has been retaliated against in violation of his rights under the Americans with Disabilities Act (the "ADA"). 42 U.S.C.A. § 12203 and 42 U.S.C. § 12112(d)(4)(A). This is a federal statute vesting jurisdiction in this Court under 28 U.S.C. § 1331.

2. Kindernay, at the times the incidents giving rise to this litigation occurred, was employed by Ameren in Sangamon County, Illinois. The Defendant engages in business in Sangamon County, Illinois, making venue appropriate in this Court.

### II. Nature of this lawsuit

3. Kindernay maintains this lawsuit against Ameren by alleging that his rights under the ADA have been violated. Specifically, he contends that he was retaliated against by

Ameren and that Ameren unlawfully mandated that he participate in a fitness for duty evaluation.

### III. Parties

4. Kindernay is an adult resident of the State of Illinois. He was previously employed by Ameren.

5. Ameren is a public utility that engages in business in Sangamon County, Illinois.

6. Ameren is an "employer" as that term is defined by the ADA.

### IV. Complaint

7. Kindernay began employment with Ameren as a Customer Service Representative on March 22, 2010.

8. From July 15, 2013, through the date of his termination, Kindernay worked for Ameren as an Operations Support Associate in Springfield, Illinois.

9. On March 8, 2018, Kindernay requested that he be provided with a reasonable accommodation as mandated by the ADA.

10. As part of Kindernay's request he provided Ameren with medical documentation outlining his need for an accommodation.

11. Kindernay's request for an accommodation was granted in part and denied in part.

12. After making his request for a reasonable accommodation Kindernay was placed on an unwarranted performance improvement plan.

13. After being placed on a performance improvement plan, on March 5, 2019, Kindernay filed a charge of discrimination against Ameren with both the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission.

14. After filing his charge of discrimination, Kindernay was directed to submit to a

fitness for duty evaluation.

15. There was no basis for the fitness for duty evaluation that Kindernay was directed to attend.

16. By mandating that Kindernay submit to a fitness for duty evaluation Ameren violated his rights under the ADA in two separate respects. First, the directive was done to retaliate against Kindernay. Second, it violates the ADA directives as to when an employer can require an employee to submit to a fitness for duty evaluation.   42 U.S.C. § 12112(d)(4)(A).

17. Kindernay refused to participate in the fitness for duty evaluation because it was retaliatory, because there was no legitimate reason for it, and because it violated his rights under the ADA.

18. Kindernay explained his reasons for not participating in the fitness for duty to Ameren.

19. Ameren terminated Kindernay's employment on November 22, 2019, contending that Kindernay violated a directive that he submit to a fitness for duty evaluation.

20. Kindernay's termination violated the ADA in a couple of respects. First, it was undertaken to retaliate against him. Second, Ameren had no right under the ADA to condition his continued employment on his participation in a fitness for duty evaluation.

21. After his termination Kindernay filed a second charge with the Illinois Department of Human Rights and the EEOC on December 11, 2019. That charge alleged that his rights were violated under the ADA by his being forced to participate in a fitness for duty evaluation and that Ameren had retaliated against him when they terminated his employment.

22. After Kindernay's termination Ameren continued to retaliate against him. Kindernay subsequently learned that Ameren had contacted a second employer of his and made

derogatory comments about him. These comments would not have been made had Kindernay not filed complaints against Ameren alleging violations of his rights under the ADA.

23. On February 18, 2020, Kindernay amended his second charge of discrimination to include the allegations that he had been retaliated against after his termination.

24. On August 24, 2020, Kindernay received a notice of right to sue from the EEOC stemming from his first charge of discrimination.

25. On October 15, 2020, Kindernay received a notice of right to sue from the EEOC stemming from his second charge of discrimination.

26. Kindernay is bringing this lawsuit within 90 days of the receipt of both notices of right to sue that he has received from the EEOC.

27. But for Kindernay's protected activities, he would not have been placed on a performance improvement plan, would not have been forced to undergo a fitness for duty evaluation, would not have been terminated, and would not have had disparaging remarks made about him by Ameren to another employer.

28. As a result of the foregoing, Ameren has violated Kindernay's rights by retaliating against him in violation of 42 U.S.C.A. § 12203 and by requiring that he submit to a fitness for duty evaluation in violation of 42 U.S.C. § 12112(d)(4)(A).

29. As a result of Ameren's actions, Kindernay has sustained damages in the form of lost wages and has endured emotional distress.

Wherefore, Kindernay respectfully requests that this Court enter an order finding that his rights under the ADA were violated and providing the following relief:

A. An order mandating Ameren to compensate him for the wages and benefits he lost as a result of his termination.

B. Equitable relief in the form of either reinstatement or front pay.

C. Punitive damages.

D. An award of attorney fees associated with bringing this claim.

E. Any other order that is just and appropriate.

**Kindernay requests a jury trial**

                                  Braden Kindernay

                                  By: /s/ *John A. Baker*
                                            His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:      (217) 522-3445
Facsimile:       (217) 522-8234
Email:            jab@bbklegal.com